UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TORA LAMAR ALLUMS,

    Plaintiff,

v.                                         CAUSE NO. 1:25-CV-297 DRL-SJF

TUCKER *et al.*,

    Defendants.

OPINION AND ORDER

Tora Lamar Allums, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 9.) Mr. Allums' original complaint was stricken because it was confusing and combined unrelated claims against unrelated defendants. His amended complaint was filed beyond the deadline set in the deficiency order, but he separately moves for an extension of time (ECF 8). In the interest of justice, this motion will be granted and the amended complaint filed on August 28, 2025 will be deemed timely.

Pursuant to 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Because Mr. Allums is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

His amended complaint is still confusing, as he lists three names in the caption but states he is suing nine defendants. He also did not answer all of the questions on the complaint form and instead wrote "same" in response to several questions. As best as can be discerned, he is suing prosecutors, judges, police officers, an unidentified "Indiana State Representative," former Indiana Department of Correction Commissioner Robert E. Carter, former Governor Eric Holcomb, Fort Wayne Police Chief Scott Caudill, and South Bend Mayor Sharon Tucker. He asserts in boilerplate fashion that there is a "Code of Silence" that is "enforced by the court, judges, lawyers, and prosecutors" in Fort Wayne and Allen County, and that officials are "overlooking the corruption created by state agencies [sic] overlapping paperwork, illegal plea agreements, falsifying of enhancements, forgery, conspiracy, & utterances[.]" He asserts in general terms that the defendants violated his "right to EQUAL PROTECTION of the law as a citizen during questioning, investigation, interrogation, pre-arrest, arraignment, initial hearing, Omnibus hearing, pre-trial hearing, trial, [and] sentencing."

Public records reflect that Mr. Allums recently pleaded guilty to auto theft and was sentenced to a term of incarceration.[1] *State v. Allums*, No. 02D05-2502-F5-000074 (Allen Sup. Ct. closed Sept. 10, 2025). If he is trying to challenge this conviction or obtain release from custody, he cannot do so in this civil rights case. *Preiser v. Rodriguez*, 411 U.S.

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

475, 488 (1973). He also cannot pursue a claim for damages in this civil suit based on a theory that his outstanding conviction is "false" or invalid.[2] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside").

A claim against police officers pertaining to wrongdoing that occurred prior to or during Allums's arrest is not necessarily barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). However, even giving the amended complaint liberal construction, the court cannot infer a plausible claim of police misconduct within it. His broad accusation that "police" are violating the rights of criminal defendants during "arrest" and "pre-arrest" in some unspecified way is not enough to state a claim under federal pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards). He mentions that an "Officer Cutler" falsified a warrant, but he does not provide enough detail about the nature of the warrant or what within it was false to state a claim on this ground. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

---

[2] Additionally, the prosecutors are immune from suit for their actions taken on behalf of the state in his criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Likewise, judges cannot be sued for their judicial rulings. *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005).

3

happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards).

There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and the high-ranking officials he sues cannot be held liable simply because they supervise employees of the state or county. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). His vague assertions about a conspiracy among these individuals do not state a plausible claim. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("bare" assertion of a conspiracy is not enough to survive dismissal at the pleading stage).

He may be trying to sue one or more of these officials in their official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).[3] A *Monell* claim against the state officials is unavailing, because *Monell* applies to municipal actors. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). As to the municipal officials, they can only be held liable if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is

---

[3] An official who is no longer in office would not be a proper defendant in connection with an "official capacity" claim. *See* Fed. R. Civ. P. 25(d).

4

so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Allums does not satisfy these standards. First, *Monell* requires an underlying constitutional violation by a municipal employee, and at present Allums has not plausibly alleged one. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014). Second, it cannot be discerned from his amended complaint what the unlawful policy was that allegedly caused him injury. His vague assertions about a "Code of Silence" do not suffice. Additionally, because he does not clearly describe the policy at issue the court cannot discern whether his claim runs afoul of the *Heck* bar due to his outstanding conviction.

Therefore, the amended complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Mr. Allums already amended his complaint once, but in fairness he will be given an additional opportunity to amend in response to this screening order. If he decides to replead, he should avoid using boilerplate language and should explain in plain terms what happened and how each defendant allegedly violated his rights.

As a final matter, along with his amended complaint Mr. Allums filed a document labeled, "Motion to Joinder of Separate Actions Submitted By A Class of People To Form a Class Action." (ECF 10.) It appears he may be trying to represent other criminal defendants, but he is not permitted to represent others in federal court because there is

no indication he is a licensed attorney. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). If he is asking to join this case with another, Federal Rule of Civil Procedure 20(a)(1) provides that "persons may join in one action as plaintiffs" if their claims arise out of the same transaction or occurrence, and their claims involve common questions of law or fact. The court has "wide discretion" to decide whether joinder is appropriate. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). It is not entirely clear what other case Allums is asking to be joined with this one, but in any event, he has not been granted leave to proceed on any claim under 28 U.S.C. 1915A. Without knowing what claim or claims he will assert in his amended complaint and whether they will pass screening under 28 U.S.C. § 1915A, the court cannot determine whether joinder with another case might be appropriate under Rule 20. His motion will be denied.

For these reasons, the court:

(1) GRANTS the plaintiff's motion for an extension of time (ECF 8) and deems the amended complaint filed on August 28, 2025 (ECF 9) as timely;

(2) DENIES the plaintiff's motion for joinder (ECF 10);

(3) GRANTS the plaintiff until **October 15, 2025**, to file an amended complaint in accordance with this order; and

(4) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED.

September 19, 2025                              *s/ Damon R. Leichty*
                                                Judge, United States District Court